# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Claude Peacock,** *on behalf of himself and all others similarly situated*, | **CASE NO.:** _____ |
| **Plaintiff,** | **JUDGE** |
| v. | |
| | **CLASS ACTION COMPLAINT** |
| **Plain Dealer Publishing Co.; and Circulation Technicians, Inc. d/b/a CirTech,** | |
| **Defendants.** | **A Trial by the Maximum Number of Jurors is hereby Demanded** |

For his Class Action Complaint, Plaintiff, Claude Peacock, by and through his undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1. Plaintiff, Claude Peacock, ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Plain Dealer Publishing Co. (the "Plain Dealer") and Circulation Technicians, Inc. d/b/a CirTech ("Cirtech" and with Plain Dealer "Defendants"). Defendants made unauthorized prerecorded telemarketing calls to Plaintiff's residential telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. In 1991, Congress enacted the TCPA to curb "the proliferation of intrusive, nuisance telemarketing calls to [consumers'] homes." Specifically, Congress found that automated or prerecorded telephone calls made to private residences were "an invasion of privacy." *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012). Accordingly, Congress created a private right of action providing for statutory damages of $500 to $1500 per unauthorized prerecorded telemarketing call. *See* 47 U.S.C. § 227(b)(1)(B).

3. Rather than heed Congress's clear warning, Defendants embarked on a telemarketing campaign to blast Cleveland-area consumers' home phones with prerecorded telephone calls without consent.

4. Plaintiff is one such consumer. He received calls to his residential telephone featuring a prerecorded message on which Defendants sought to sell Plaintiff the Plain Dealer's services. Plaintiff did not provide Defendants his phone number or prior express written consent to call with prerecorded messages; accordingly Defendants violated the TCPA.

## JURISDICTION AND VENUE

5. This action arises out of Defendants' repeated violations of the TCPA, providing federal question jurisdiction.

2

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Plain Dealer and Plaintiff reside here, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

7. Plaintiff is an adult individual residing in Cleveland, Ohio, and is a "person" as defined by 47 U.S.C. § 153(39).

8. The Plain Dealer is an Ohio corporation with an address of 4800 Tiedman Road, Brooklyn, Ohio 44144, and is a "person" as defined by 47 U.S.C. § 153(39).

9. CirTech is an Arizona corporation with an address of 459 N. Gilbert Road, Suite B-100, Gilbert, AZ 85234, and is a "person" as defined by 47 U.S.C. § 153(39).

## THE TCPA

10. The TCPA regulates, among other things, initiating telephone calls to residential telephone lines featuring a prerecorded voice.

11. Specifically, 47 U.S.C. §227(b)(1)(B) prohibits initiating prerecorded calls to residential phones "without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission."

12. The Federal Communications Commission ("FCC") has further excepted any call which "(ii) Is not made for a commercial purpose; [or] (iii) Is made for a commercial purpose but does not include or introduce an advertisement or constitute telemarketing." 47 CFR §64.1200(a)(3)(ii)-(iii).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

13. Defendants place calls to Plaintiff's residential phone at phone number 216-xxx-1918..

3

14. When Plaintiff answered the calls from Defendants, he heard a prerecorded message identifying the caller as the Cleveland Plain Dealer and attempting to sell him its services.

15. After the prerecorded message, a live representative would come on the phone to further try to sell Plaintiff the Plain Dealer's services.

16. On a call with a live representative, Plaintiff requested that the prerecorded calls to his home telephone cease.

17. Nonetheless, Defendants continued to call Plaintiff's home telephone number with prerecorded messages attempting to sell Plaintiff its services.

18. The calls received by Plaintiff were from telephone number 440-220-5400, a number owned and operated by CirTech.

19. CirTech is in the business of selling newspapers via automated telephonic campaigns. CirTech's website boasts that it offers the following campaigns (among others) for its newspaper company clients: "Sequential dialing," "Hybrid & digital edition sales," "Win backs," "Poor service stop resells," and "Expiring EBR status sales." *See* http://www.cirtech.us/campaigns.html (last visited Feb. 17, 2016).

20. Plaintiff is not a customer of the Plain Dealer or CirTech, and did not give either Defendant his home telephone number or prior express written consent to call him with a prerecorded voice.

21. Defendants' calls to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(B).

## CLASS ACTION ALLEGATIONS

### A. The Class

22. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

23. Plaintiff represents, and is a member of the following class (the "Class"):

**All persons within the United States to whom Defendants placed a telemarketing telephone call featuring a prerecorded voice without said person's prior express written consent.**

24. Defendants and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the class members number in the tens of thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

### B. Numerosity

25. Upon information and belief, Defendants have sent automated telemarketing text messages to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express written consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

26. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### C. Common Questions of Law and Fact

27. There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. These questions include:

    a. Whether Defendants sent non-emergency prerecorded voice calls to Plaintiff and Class members' residential phone lines;

    b.   Whether Defendants calls were sent for telemarketing purposes;

    c.   Whether Defendants can meet their burden of showing they obtained prior express written consent to place each call;

    d.   Whether Defendants' conduct was knowing and/or willful;

    e.   Whether Defendants are liable for damages, and the amount of such damages; and

    f.   Whether Defendants should be enjoined from such conduct in the future.

28.    The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendants routinely places telemarketing calls featuring a prerecorded voice to consumers' residential telephone lines is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### D. **Typicality**

29.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### E. **Protecting the Interests of the Class Members**

30.    Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

### F. **Proceeding Via Class Action is Superior and Advisable**

31.    A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against Defendants is small because it is not economically feasible for Class members to bring individual actions.

32. Management of this class action is unlikely to present any difficulties. Several courts have certified classes in TCPA actions. These cases include, but are not limited to: *Mitchem v. Ill. Collection Serv.*, 271 F.R.D. 617 (N.D. Ill. 2011); *Sadowski v. Med1 Online, LLC*, 2008 WL 2224892 (N.D. Ill. May 27, 2008); *CE Design Ltd. V. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009); *Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal. May 29, 2012).

## COUNT I
## Violations of the TCPA, 47 U.S.C. § 227, et seq.

33. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

34. Defendants placed multiple telemarketing calls featuring a prerecorded voice to residential phone lines belonging to Plaintiff and the other members of the Class without prior express written consent.

35. Each of the aforementioned calls by Defendants constitutes a violation of the TCPA.

36. Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

37. Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such conduct by Defendants in the future.

38. Plaintiff and Class members are also entitled to and do seek a declaration that:

- Defendants violated the TCPA;
- Defendants placed telemarketing calls using a prerecorded voice; and
- Defendants placed calls to the Plaintiff and the Class without prior express written consent.

## COUNT II
### Knowing and/or Willful Violations of the TCPA, 47 U.S.C. § 227, et seq.

39. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

40. Defendants knowingly and/or willfully placed multiple telemarketing calls featuring a prerecorded voice to residential phone lines belonging to Plaintiff and the other members of the Class without prior express written consent.

41. Each of the aforementioned messages by Defendants constitutes a knowing and/or willful violation of the TCPA.

42. As a result of Defendants' knowing and/or willful violations of the TCPA, Plaintiff and the Classes are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

43. Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such conduct by Defendants in the future.

44. Plaintiff and TCPA Class members are also entitled to and do seek a declaration that:

- Defendants knowingly and/or willfully violated the TCPA;

- Defendants knowingly and/or willfully placed telemarketing calls using a prerecorded voice to Plaintiff and the Class;

- Defendants knowingly and/or willfully obtained the telephone numbers of non-customers;

- Defendants willfully placed automated calls to non-customers such as Plaintiff and the Class, knowing it did not have prior express consent to do so; and

8

- It is Defendants' practice and history to place automated telephone calls to non-consumers without their prior express consent.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendants as follows:

1. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;
2. Declaratory relief as requested;
3. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
4. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);
5. An award of attorneys' fees and costs to counsel for Plaintiff and the Classes; and
6. Such other relief as the Court deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: February 22, 2016

Plaintiff, Claude Peacock

By:  /s/ *Sergei Lemberg*

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
A Connecticut Law Firm
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Email: slemberg@lemberglaw.com
Attorneys for Plaintiff